NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1268


STATE OF LOUISIANA

VERSUS

BENJAMIN S. SMITH


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR595-05
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.


AFFIRMED WITH INSTRUCTIONS.


David W. Burton
District Attorney
Richard F. Blankenship
Assistant District Attorney
36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Appellee:
         State of Louisiana

**G. Paul Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
    **Benjamin S. Smith**

**DECUIR, Judge.**

The Defendant, Benjamin S. Smith, was charged by bill of indictment with one count of aggravated rape in violation of La.R.S. 14:42, and one count of molestation of a juvenile in violation of La.R.S. 14:81.2. On April 18, 2007, the Defendant was convicted by a jury of attempted aggravated rape and molestation of a juvenile. Sentencing took place on June 14, 2007, and upon written reasons, the trial court imposed thirty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, for the attempted rape conviction and imposed a concurrent sentence of nine years at hard labor for the molestation of a juvenile conviction.

The Defendant appeals his conviction, assigning two errors. We affirm.

## FACTS:

The Defendant, seventy years old at the time of trial, is a cousin of the victim, T.A.T., born in 1990. She testified that the Defendant first molested her at her grandmother's home when she was seven years old in 1997. At trial, T.A.T. testified that while the Defendant was helping her grandparents re-tar the roof of their house, she got on the roof with the Defendant. The Defendant touched her breast and her vaginal area on the outside and inside of her clothing. T.A.T. testified that later that evening, the Defendant made her sit on his lap. She felt pain in her vaginal area and she felt something inside her vagina. When she got off of him, she saw the Defendant zipping his pants.

T.A.T. testified to other incidents which took place while the Defendant did plumbing work at her grandmother's home. In addition to fondling, she testified that the Defendant took nude photos of her, showed her pictures of young girls and commented on their breasts, and showed her a picture of a girl performing oral sex on a man which he then had her do to him.

The Defendant was charged with aggravated rape and molestation of a juvenile. The bill of indictment specified that the victim was under the age of twelve when the Defendant had sexual intercourse with her between June 1, 1997 and December 31, 1998, and that the molestation continued from June 1, 1997 through December 1, 2004.

## ASSIGNMENT OF ERROR NO. 1:

The Defendant argues that the verdict is contrary to law and in violation of due process because of the use of highly prejudicial "lustful disposition" evidence. Louisiana Code of Evidence Article 412.2 provides for the admissibility of such evidence in certain cases:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
>
> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
>
> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

The statute refers to the balancing test of La.Code Evid. art. 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

The Defendant contends the State introduced evidence which was inadmissable and was in violation of the provisions of Article 403 because it outweighed other facts and lured the jury into reaching a verdict based on unrelated factors. In

2

particular, the Defendant contends that instead of testimony limited to the instant offense, the Defendant's adult daughter was allowed to testify that during her childhood her father told her X-rated bedtime stories, showed her pornographic movies, took nude pictures of her, coached her to lie during a family services investigation, stole her from her mother after they divorced, and made her perform oral sex.[1] The record indicates, however, that the Defendant did not object to this evidence.

While evidence of other crimes may be used under La.Code Evid. art. 412.2, the Defendant argues that this evidence is subject to a balancing test articulated in Article 403. The Defendant further states that the evidence in this case was "so overwhelmingly lurid and horrific" that it violated due process and is patent error. Because this is error patent, the Defendant claims, it was not waived by a lack of objection.

Under La.Code Crim.P. art. 920(2), error patent is defined as, "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." We are aware of no jurisprudence supporting the Defendant's assertion that the evidentiary ruling complained of herein is patent error, nor does it fall within the realm of La.Code Crim.P. art. 920(2).

As admitted by the Defendant in his brief to this court, defense counsel did not object to the other crimes testimony of the Defendant's daughter. Louisiana Code of Criminal Procedure Article 841 provides, in pertinent part, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." In *State v. Freeman*, 00-238 (La.App. 3 Cir. 10/11/00), 770 So.2d 482, *writ denied*,

---

[1] Although the State presented other crimes testimony from another witness, the Defendant argues only that the testimony of the Defendant's daughter was unfairly prejudicial.

3

00-3101 (La. 10/5/01), 798 So.2d 963, the defendant argued that the lower court improperly admitted evidence of other bad acts. This court held that because the defendant failed to make a contemporaneous objection, he therefore failed to preserve for appellate review any challenge to the admission of alleged other bad acts evidence. Likewise, in the instant case, the Defendant did not object at trial to the testimony of other crimes committed by the Defendant. Accordingly, this alleged error was not preserved for appellate review.

## ASSIGNMENT OF ERROR NO. 2:

The Defendant contends that the trial court erred in admitting other crimes evidence without a hearing and in allowing testimony beyond the reasonable purpose of "lustful disposition," both of which resulted in prejudice to his due process rights. An examination of the record reveals the State gave notice to the Defendant of its intent to introduce lustful disposition evidence, as required by the La.Code Evid. art 412.2, a year before trial.

The Defendant does not provide a supporting argument for his contention that a hearing is required or that the disputed testimony went beyond its intended purpose. Uniform Rules—Courts of Appeal, Rule 2-12.4 provides, in pertinent part, "[t]he court may consider as abandoned any specification or assignment of error which has not been briefed." Accordingly, we consider the Defendant's second assignment of error as abandoned.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. Finding error only in the minute entry of the polling of the jury on the attempted aggravated rape charge, we instruct

4

the trial court to amend the minutes so they correspond with the record transcript of the polling.

In all other respects, the Defendant's conviction and sentences are affirmed.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.